**UNITED STATES of America**

v.

**Howard D. BROWN, Jr.**

**Crim. No. 1287-67.**

United States District Court, District of Columbia.

March 31, 1970.

John M. Cleary, Washington, D. C., appellate counsel for defendant Brown.

James L. Lyons, Asst. U. S. Atty., for Government on appeal.

MEMORANDUM IN RESPONSE TO REMAND

GESELL, District Judge.

The judgment of the United States Court of Appeals in this case, rendered without explanatory opinion, reads in pertinent part as follows:

Since the record does not affirmatively indicate that appellant himself, as distinguished from his counsel, waived his right to a trial on all issues in this case, it is

ORDERED by the court that the record in this case be remanded to the District Court to determine whether such a waiver was in fact made by the appellant. * * *

This judgment raises issues fundamental to the proper administration of justice in this circuit and, as such, deserves more discussion that the mere formal requirements of the remand.

Defendant was indicted for forgery and uttering and found guilty by a jury. At the trial, defendant's counsel relied solely on the defense of insanity. The facts on the merits were stipulated after defense counsel had advised the jury on opening that the defendant admitted the facts. It has apparently escaped the attention of the Court of Appeals that when a written stipulation covering the facts was offered the following appears in the transcript:

> THE COURT. The stipulation is satisfactory to the defendant, is it not?

> TRIAL COUNSEL. Yes, Your Honor, we have agreed to it.

Counsel for defendant, having thus twice stated in open court in the presence of the defendant that the defendant conceded the facts, there was not then and there cannot now be any question in this Court's mind but that the statements of counsel were honestly made and correct. Daily a United States District Court proceeds on the assumption, proven reliable by long experience, that representations made in open court by trial counsel as officers of the Court are candid, truthful and may be accepted at face value. Were it otherwise trials would bog down and the simplest issue of agreed fact could become the subject of repeated colloquy out of the jury's presence. It would make some trials a complete farce.

There was no need for the Court, given the assurances that this Court received, to interrogate the defendant to find out whether or not his counsel was making a truthful statement to the Court. As the Court was then aware, the stipulation was carefully prepared in written form; it was entered into after trial counsel had fully reviewed the underlying FBI report and had conferred frequently with the defendant. In accordance with the common practice in this jurisdiction, trial counsel kept in his personal files written authority from the defendant to enter into the stipulation. Trial counsel's file contains the following, written in the handwriting of the defendant on the stipulation:

> Mr. O'Donnell, I authorize you to stipulate as much of the facts contained in this document as you find necessary in order to avoid bringing in witnesses. Howard Davis Brown, Jr.

When this trial was over, the defendant, in writing, expressed appreciation for the humane consideration of the Court and stated he was deeply gratified to his attorney "who must be praised for handling my case." The Court, defense counsel, probation authorities, prison authorities and the U. S. Attorney spent substantial time out of court attempting to deal with this defendant's rehabilitation problems. From the outset of the case defendant acknowledged his guilt and earnestly sought medical assistance which his unfortunate life history so clearly indicates he needs. The only tactic available to defense counsel was the one he adopted. Defendant, facing his seventh forgery conviction, was entirely consistent in permitting his counsel to stipulate the facts. Any chance he had on the insanity issue before the jury would have been greatly minimized if all of the sorry details of his course of conduct during the forgeries were brought forth through the mouths of the unfortunate victims.

The real vice in this remand is that appellate procedures permit an attorney, who is wholly unfamiliar with the trial, to make representations and suggestions on appeal without having ascertained the basic facts as to how the proceeding was handled. Judge Pratt has recently commented on this matter in United States v. Weaver, Cr. No. 296–68 (D.D.C. March 9, 1970), 98 Wash.L.Rep. 529 (March 30, 1970), and the issue is one which continues to give this Court serious concern. It will be increasingly difficult to call upon the bar to represent indigent

defendants in the United States District Court if their professional conduct can be impugned by appellate counsel who do not even take the simplest precautions to verify in advance whether or not grounds intimated on appeal from a sterile record are in fact grounds that have any validity in fact.

Surely some changes must be made in the rules governing appeals which will prevent the delays and waste effort created by remands such as this which result from the Court of Appeals having inadequate information concerning the true nature of the case under review. The solution is one which of course only the appellate court can develop. But surely appeals, like trials, are a search for truth and not a device for manufacturing error where in good conscience none exists. Nor should the burden of explaining what happened below be automatically placed on the District Court by the convenient remand process in the absence of a responsible showing of necessity. When new counsel are appointed for an appeal should they not be required to exercise greater candor in the presentation of their positions in the higher Court so that Court is not needlessly misled? Extraordinary obligations have been placed, and properly so, on trial counsel to leave no stone unturned. This having been done, the system should not then permit appellate counsel to offer a casual treatment of the case tried below based purely on superficial analysis of the record and mere speculation.

Defendant waived as to the facts with full knowledge of what he was doing guided by experienced counsel whose representations made in open court in the presence of the defendant should not be maligned by appellate counsel who was not present and who apparently never sought to determine the true facts of the situation, or, if he knew them, did not reveal them to the higher Court.

Obviously no hearing to establish this obvious conclusion is required.